# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-68

| | |
|---|---|
| WILLIAM BOYD MORRIS AND KAREN ELIZABETH KUESTER, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| AAA MOVING AND STORAGE, LLC, | ) ) |
| Defendant. | ) ) |

**BEFORE THE COURT** is William Boyd Morris and Karen Elizabeth Kuester's (collectively "Plaintiffs'") motion for attorney's fees (Doc. 10). On July 14, 2015, Plaintiffs moved for a default judgment. (Doc. 8). On July 15, 2015, Plaintiffs received a default judgment in the amount of $17,083.64 plus interest from the date of judgment. (Doc. 9).

Plaintiffs claim that they are entitled to attorney's fees pursuant to the Carmack Amendment at 49 U.S.C. § 14708 entitled "Dispute settlement program for household goods carriers." Paragraph (d), "Attorney's fees to shippers," provides that:

> In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if--
> **(1)** the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
> **(2)** the shipper prevails in such court action; and
> **(3)**
> > **(A)** the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
> > **(B)** a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
> > **(C)** the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C. § 14708(d).

The Complaint and the ensuing default judgment show that Plaintiffs submitted a claim to the carrier within one hundred twenty days after the date the shipment was delivered. (Doc. 1, at ¶ 30). The shippers, Plaintiffs, prevailed in the instant court action. Further, the Complaint and the ensuing default judgment show that the Plaintiffs were not advised by Defendant that a dispute settlement program was available to resolve the dispute. (*Id.* at ¶ 33). Further, no arbitration decision has been rendered. Accordingly, (A) and (B) of subdivision (3) are satisfied. Therefore, attorney's fees <u>shall</u> be awarded.

Plaintiffs request $12,425.00 in attorney's fees, which is calculated from 49.7 hours of billed time multiplied by Plaintiffs' attorney's $250.00 hourly rate. Plaintiffs submitted a billing statement from their attorney to substantiate the motion. Although there are separate entries, the time spent on each entry is not indicated but rather is located at the bottom of the bill. Plaintiffs have not provided any information or memoranda detailing reasonableness of the amount sought. Accordingly, this Court **ORDERS** Plaintiffs to submit a memorandum and accompanying material supporting the reasonableness of the fee amount sought in accordance with the twelve factors below:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978); *see also Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 142 (4th Cir. 2000) (reviewing reasonableness award in similar circumstances). The Court will use the following factors to determine a "lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson*, 560 F.3d at 243. *"In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."* *Id.* at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). Ordinarily, this requirement may be satisfied by a sworn affidavit by a lawyer qualified to opine on counsel's request for fees.

**IT IS, THEREFORE, ORDERED THAT**

**(1)** The Court reserves ruling on Plaintiffs' Motion for Attorney's Fees (Doc. 10); and

**(2)** Plaintiffs' shall file a memoranda and accompanying affidavit(s) and evidence supporting the reasonableness of the fee sought within fourteen (14) days.

Signed: August 13, 2015

Richard L. Voorhees
United States District Judge