IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-68

| | |
|---|---|
| WILLIAM BOYD MORRIS AND KAREN ELIZABETH KUESTER, | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| AAA MOVING & STORAGE, LLC, | )<br>)<br>) |
| **Defendant.** | )<br>) |

**BEFORE THE COURT** is Plaintiffs' Motion for Attorney Fees, (Doc. 10), filed after Plaintiffs received a Default Judgment against Defendant in the amount of $17,083.64 plus interest from the date of judgment until paid in full, (Doc. 9). In reviewing the initial motion, the Court found that Plaintiffs "<u>shall</u> be awarded" attorney fees under the Carmack Amendment but that Plaintiffs needed to submit a memorandum and material supporting the reasonableness of $12,425.00 in fees sought. (Doc. 11, at 2). On August 25, 2015, Plaintiffs filed a "Memorandum Supporting Reasonableness of Attorney's Fee" along with the affidavits of James Ryan Hawes, counsel for Plaintiffs, and Wayne M. Bach, a partner in the same firm. (Doc. 12).

In reviewing the amount sought, the Court will consider

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

1

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978); *see also Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 142 (4th Cir. 2000) (reviewing reasonableness award in similar circumstances). The Court will use the following factors to determine a "lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson*, 560 F.3d at 243. "*In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.*" *Id.* at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

The Court finds that $250.00 is a reasonable rate based on the contents of the affidavits and its own experience.

Regarding the time and labor spent, the Court finds that the amount Plaintiffs seek is excessive.

Counsel claims that the litigation pursuant to the Carmack Amendment is highly specialized and that caused a significant amount of research to be performed to ensure that the Notice of Claim requirement was followed and the Complaint was appropriately drafted. (Doc. 12, at 1). The Court finds that the billing statement does not adequately support this allegation. Around nine hours were spent drafting the Complaint before any significant research was made regarding the Carmack Amendment. After research was performed regarding the Carmack Amendment, *see* (Doc. 12-3, at 1/13/2015, 4/09/2015), counsel then spent somewhere between four and five hours revising said Complaint, (*id.* at 6/02/2015 – 6/04/2015). The Complaint itself is seven pages long and has attachments amounting to thirty-four pages. Counsel has practiced general litigation since 2007 and has a good reputation in the community. However, it appears that counsel has not practiced Carmack litigation before so the additional time spent re-drafting

the Complaint is not to be unexpected but will be considered when formulating the lodestar figure. In conclusion, the Court finds that the amount of time spent drafting the Complaint was unreasonable.

Counsel also spent time, which was admittedly unsuccessful, speaking with insurance carriers. Counsel also expended time speaking with the persons from the Federal Motor Carrier Safety Administration.[1] This time amounts to around nine billable hours.

There are also five entries specifying that counsel "conferenced with Clerk." While it is impossible to tell how long said conferences were given that multiple tasks were performed in these entries, the Court finds that the amount of conferences required was unreasonable.

The Court notes that the counsel expected fees to be awarded at the outset. There do not appear to be any time limitations imposed by the client or circumstances. Counsel knew that the amount in controversy was low at the outset. The Court notes that these cases would be undesirable in the community absent the attorney fee provision in the Carmack Amendment.

Regarding the reasonableness of attorney fees, the Fourth Circuit upheld in *Ward* an attorney fee award of $40,987 in a case that went to trial where the plaintiffs were awarded $207,000. *See* 231 F.3d at 142-43). In *Boles*, the plaintiff was awarded a default judgment in the amount of a $1,647.00 refund in excess of estimate, $5,580.00 recovery for lost items, and $22.00 refund for weight of items lost. *Boles v. Destination Movers, Inc.*, No. CIV.A. 1:09CV19, 2009 WL 1974459, at *4 (E.D. Va. July 6, 2009). The case had a hearing on the default judgment that plaintiff's counsel attended. The plaintiff sought and was awarded $1,022.50, which amounted to a rate of $175.00 at 5.8 hours. *Id.*

---

[1] The Federal Motor Carrier Safety Administration has a taskforce that "identif[ies] and investigate[s] those carriers of household goods which have exhibited a substantial pattern of consumer abuse." *See Federal Motor Carrier Safety Administration: About Us*, FED. MOTOR CARRIER SAFETY ADMIN., *http://www.fmcsa.dot.gov/mission/about-us* (accessed Aug. 27, 2015).

After considering the above factors, the Court finds that the reasonable amount of time to be expended in this case would be 25 hours, which is still higher than the related *Boles* case which had a hearing on the default judgment. Accordingly, the Court finds that a fee in the amount of $6,250.00 is warranted.

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiffs' Motion for Attorney Fees is **GRANTED IN PART, AND DENIED IN PART**; and

(2) Plaintiffs are entitled to $6,250.00 in attorney fees.

Signed: August 27, 2015

Richard L. Voorhees
United States District Judge